IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MATTHEW K. MCBRIDE (No. 12073357), | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:14-cv-42-G-BN |
| DALLAS POLICE DEPARTMENT, ET AL., | § § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and an order of reference from the District Court. For the reasons stated herein, the complaint should be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

**Background**

On January 7, 2014, Plaintiff filed a complaint alleging that Defendant Webb, a Dallas police officer, failed to report presumably favorable evidence relevant to Plaintiff's case. *See* Dkt. No. 3 at 4. Plaintiff alleges that this is a recurring problem in Dallas County.

On preliminary review of the complaint, the Court found that additional facts were necessary to determine whether Plaintiff stated a claim cognizable in federal court. On February 10, 2014, a questionnaire was issued to Plaintiff in order to obtain the additional factual information. *See* Dkt. No. 6. Plaintiff was ordered to file his

answers to the Court's questions within twenty days of the date upon which he received the questionnaire. *See id.* He was admonished that "[f]ailure to file answers to the questions may result in the dismissal of the complaint for failure to prosecute pursuant to Fed. R. Civ. P. 41(b)." *See id.*

More than three months since the questionnaire was mailed to Plaintiff, Plaintiff has failed to file answers to the Court's questions.

## Legal Standards

A district court has the authority to dismiss a case for want of prosecution or for failure to comply with a court order. Fed. R. Civ. P. 41(b); *see also Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.* at 880; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

## Analysis

Despite the warning that this case could be dismissed, Plaintiff failed to file answers to the Court's questions as ordered. Information regarding the facts underlying Plaintiff's complaint is necessary in order for this case to continue. The inability to proceed with this litigation is directly attributable to Plaintiff's failure to

comply with the Court's order. Dismissal is warranted under the circumstances. *See Wiggins v. Management and Training Corp.*, No. 3:03-cv-1547-L, 2003 WL 22259080, at *1 (N.D. Tex. Sept. 25, 2003), *rec. adopted*, 2003 WL 22415739 (N.D. Tex. Oct. 20, 2003) (dismissing complaint for failure to answer written interrogatories); *accord Champagne v. Zoley*, No. 3:08-cv-2264-D, 2009 WL 980138 (N.D. Tex. Apr. 10, 2009).

**Recommendation**

Unless Plaintiff files answers to the Court's questions within 14 days of the date of this Recommendation, the Court should DISMISS Plaintiff's case without prejudice pursuant to Fed. R. Civ. P. 41(b).

If Plaintiff files answers to the Court's questions within 14 days of the date of this recommendation, the Court should refer the case back to the undersigned magistrate judge for further review.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the

factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 16, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE